Citation Nr: 1448568 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 12-17 169 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Salt Lake City, Utah


THE ISSUE

Entitlement to service connection for a right foot disability.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

Michael Sanford, Associate Counsel


INTRODUCTION

The Veteran served on active duty from January 1986 to March 2011.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Salt Lake City, Utah.

This matter was last before the Board in January 2014, when it was remanded for further evidentiary development. As will be discussed in greater detail below, a review of the Veteran's claims file reveals substantial compliance with the Board's January 2014 remand directives. See Stegall v. West, 11 Vet. App. 268 (1998).


FINDING OF FACT

The weight of the competent and credible evidence is against a finding that any current right foot disorder is related to the Veteran's service.


CONCLUSION OF LAW

The criteria for service connection for a right foot disability have not been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.310, 3.385 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A (West 2002 & Supp. 2013), and the pertinent implementing regulation, codified at 38 C.F.R. § 3.159 (2014), provides that VA will assist a claimant in obtaining evidence necessary to substantiate a claim. The VCAA also requires VA to notify the claimant and the claimant's representative of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. See 38 U.S.C.A. § 5103(a) (West 2002); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). As part of the notice, VA is to specifically inform the claimant and the claimant's representative of which portion, if any, of the evidence is to be provided by the claimant and which part, if any, VA will attempt to obtain on behalf of the claimant. VCAA notice should be provided to a claimant before the initial RO decision on a claim. Pelegrini v. Principi, 18 Vet. App. 112 (2004). 

The VCAA notice requirements apply to all five elements of a service connection claim. These are (1) veteran status; (2) existence of a disability; (3) a connection between a veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. Dingess v. Nicholson, 19 Vet. App. 473 (2006).

The Veteran's claim for service connection for right foot disability was received in December 2010. Through the January 2011 notice letter, the RO notified the Veteran of the information and evidence needed to substantiate his claim, including how VA determines disability ratings and effective dates. Thereafter, the Veteran was afforded the opportunity to respond. 

VA must also make reasonable efforts to assist the appellant in obtaining evidence necessary to substantiate the claim for the benefit sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159 (2014).

Service treatment records are associated with the claims file and VA treatment records have been associated with the claims file as well. The Veteran has not identified any medical records outside the claims file as outstanding.

VA also satisfied its duty obtain a medical opinion when required. See 38 U.S.C.A. § 5103A(d) (West 2002); McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006). The Veteran was afforded a pre-discharge VA examination in January 2011. The Veteran was also afforded a VA examination in March 2013. The March 2013 VA examiner authored an addendum opinion in April 2014, which addressed the etiology of the Veteran's right foot pes planus. The Board finds that the March 2013 examination and April 2014 addendum are adequate for determining the issue on appeal as the examiner provided an opinion with a thorough supporting rationale with respect to any current right foot disabilities suffered by the Veteran. There is no argument that the examination or etiological opinion are somehow inadequate.

The Board is also satisfied that substantial compliance with the Board's January 2014 remand instructions has been achieved. Outstanding treatment records have been associated with the Veteran's claims file. Additionally, the March 2013 VA examiner tendered an addendum opinion. In that addendum, the examiner opined as to the likelihood that any diagnosed right foot disability had its onset in service or was otherwise etiologically to the Veteran's period of active service. The examiner supported her opinions with cogent rationales. Thus, the Board concludes that substantial compliance with the Board's January 2014 remand instructions has been achieved. See Stegall, supra.

In light of the foregoing, the Board is satisfied that all relevant facts have been adequately developed to the extent possible; no further assistance to the appellant in developing the facts pertinent to the issue on appeal is required to comply with the duty to assist. 38 U.S.C.A. §§ 5103 and 5103A (West 2002); 38 C.F.R. § 3.159 (2014).

Merits

The Veteran contends that he is entitled to service connection for a right foot disability. 

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.303(a). 

Establishing service connection generally requires (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); 38 C.F.R. § 3.303. 

In relevant part, 38 U.S.C.A. 1154(a) (West 2002) requires that VA give "due consideration" to "all pertinent medical and lay evidence" in evaluating a claim for disability or death benefits. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). 

The United States Court of Appeals for the Federal Circuit (Federal Circuit) has held that "[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) ("[T]he Board cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence"). Once evidence is determined to be competent, the Board must determine whether such evidence is also credible. See Layno v. Brown, 6 Vet. App. 465, 469 (1994) (distinguishing between competency ("a legal concept determining whether testimony may be heard and considered") and credibility ("a factual determination going to the probative value of the evidence to be made after the evidence has been admitted").

Service connection may also be granted for a disease first diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107 (West 2002); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

A review of the record reveals that the Veteran has only been diagnosed with pes planus of the right foot. See January 2011 VA X-Rays (rule out degenerative joint disease, no significant bony or joint abnormality is seen); January 2011 VA Examination Report (no foot problems are apparent); March 2013 VA Examination Report (Veteran suffers from pes planus without degenerative joint disease of the right foot). The April 2014 VA addendum medical opinion also rules out any diagnosis of bone spurs or degenerative joint disease of the right foot. There is no evidence of any diagnosed right foot disability other than pes planus.

During service, the Veteran complained of foot pain. See September 2010 Treatment Record. However, no diagnosis with respect to the Veteran's right foot was rendered during service. The January 2011 VA examination, which was conducted just prior to the Veteran's separation from active duty, contained a finding that the Veteran suffered from no diagnosable right foot disabilities at that time. Likewise, x-rays from that examination did not reveal any abnormalities with respect to the right foot. 

The evidence, however, is against a finding that right foot pes planus had its onset in service or is otherwise related to the Veteran's period of service. As discussed above, the Veteran was afforded a VA examination in March 2013. There, the examiner concluded that the Veteran did have pes planus of the right foot. In an April 2014 addendum opinion, the March 2013 examiner opined that it was less likely as not that the Veteran's pes planus had its onset in service or is otherwise related to service. The examiner explained that a 2011 pre-discharge VA examination was negative for any abnormalities of the right foot. The examiner further stated that give the length of time between service and any signs of pes planus, from 2011 to 2013, it was unlikely that pes planus was related to the Veteran's period of active service. The examiner went on to note that service treatment records did not note or evidence any right foot pes planus. The Board finds this opinion highly probative as the examiner offered a clear opinion and supported the opinion with a reasoned rationale. See Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir.1996) (Board charged with assessing the probative value of all evidence of record). 

To the extent that the Veteran opines that his right foot pes planus is related to his period of service, the Board concludes that such an assertion is not competent as the etiology of is a complex medical question beyond the ken of a layperson. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (2007). The Board also notes that there is no medical evidence counter to the November 2013 VA examiner's addendum opinion.

In conclusion, the weight of the evidence is against the Veteran's claim. There is no evidence that the Veteran suffers from any right foot disability other than pes planus. There is no evidence that pes planus had its onset in service. Indeed, a pre-discharge VA examination in January 2011 noted no right foot abnormalities. Further, the March 2013 VA examiner explained that it was less likely than not that pes planus had its onset in service or was otherwise related to the Veteran's period of service. The examiner supported that opinion with a thorough rationale. There is no competent evidence counter to the March 2013 VA examiner's addendum opinion. As such, the Board finds that the preponderance of the evidence is against the claim, and thus the benefit-of-the-doubt doctrine is not for application. Accordingly, the claim must be denied. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.


ORDER

Entitlement to service connection for a right foot disability is denied.




____________________________________________
J. A. MARKEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs